## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Wayne F. Eggleston, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.   I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since March of 2018.  I am currently assigned to the FBI's Cleveland Division, Akron Resident Agency.  As a Special Agent with the FBI, I investigate criminal matters related to White Collar Crime, Public Corruption, Violent Gangs, and Crimes against Children, including activities in violation of Federal Wire Fraud, Mail Fraud, and Bank Fraud statutes. I have completed FBI training in the proper handling of classified information, and have been involved in the execution of search warrants and seizing evidence from residences and other locations.

2.   As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3.   I am investigating the activities of the person who utilized Dropbox ESP User ID: 724923037, with an email address of jandrews44203@gmail.com, and a username of JACK ANDREWS (the "Subject Account").  As will be shown below, there is probable cause to believe that the user of Dropbox ESP User ID: 724923037 has received, possessed, and distributed child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A.  I submit this application and affidavit in support of a search warrant authorizing a search of the residence located at 2242 McCoy Road, Norton, Ohio, located in the Northern District of Ohio (the "Subject Residence"); the person of SAMUEL GENE MCKOWN with a birth year of 1998 and a social security number ending in 7246; and a black 2013 Chevrolet

1

Tahoe bearing Ohio license plate HTT3840 registered to SAMUEL GENE MCCOWN, as further described in Attachment A. Located within the premises, the automobile, and on the person to be searched, I seek to seize evidence, fruits, and instrumentalities of the forgoing criminal violations, which relate to the knowing transportation, shipment, receipt, possession, distribution, and reproduction of child pornography. I request authority to search the entire premises, including the residential dwelling and curtilage thereof. I request authority to search any computer, computer media, and cellular telephone located in the premises, vehicle, and on the person to be searched where the items specified in Attachment B may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of a crime.

4. The statements in this affidavit are based in part on information provided by the National Center for Missing & Exploited Children (NCMEC), Ohio Internet Crimes Against Children (ICAC), the Norton Police Department (NPD), and on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18 §§ 2252 and 2252A, are presently located at 2242 McCoy Road, Norton, Ohio.

## STATUTORY AUTHORITY

5. This investigation concerns alleged violations of Title 18, United States Code, §§ 2252 and 2252A, relating to material involving the sexual exploitation of minors.

    a. Title 18, United States Code, Section 2252(a) prohibits a person from knowingly

transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of a minor engaging in sexually explicit conduct when such visual depiction was either mailed or, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

b.  Title 18, United States Code, Section 2252A(a) prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

## DEFINITIONS

6.  The following definitions apply to this Affidavit and its Attachments:

a.  The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

b.  The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

c.    The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes
undeveloped film and videotape, data stored on computer disc or other electronic
means which is capable of conversion into a visual image, and data which is
capable of conversion into a visual image that has been transmitted by any means,
whether or not stored in a permanent format.

d.    The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic,
magnetic, optical, electrochemical, or other high-speed data processing device
performing logical, arithmetic, or storage functions, and includes any data storage
facility or communications facility directly related to or operating in conjunction
with such device.

e.    "Internet Service Providers" (ISPs), as used herein, are commercial organizations
that are in business to provide individuals and businesses access to the Internet.
ISPs provide a range of functions for their customers including access to the
Internet, web hosting, e- mail, remote storage, and co-location of computers and
other communications equipment.

f.    "Internet Protocol address" (IP address), as used herein, is a code made up of
numbers and/or letters separated by dots that identifies a particular computer on
the Internet.  Every computer requires an IP address to connect to the Internet.  IP
addresses can be dynamic, meaning that the ISP assigns a different unique
number to a computer every time it accesses the Internet.  IP addresses might also
be static, if an ISP assigns a user's computer a particular IP address which is used
each time the computer accesses the Internet.  A creation IP address is the address
used on the date that an e-mail or other account is created by the user.

g.   "Domain names" are common, easy to remember names associated with an IP address. For example, a domain name of "www.usdoj.gov" refers to the IP address of 149.101.1.32.  Domain names are typically strings of alphanumeric characters, with each level delimited by a period.  "Website" consists of textual pages of information and associated graphic images.  The textual information is stored in a specific format known as Hyper-Text Mark-up Language (HTML) and is transmitted from web servers to various web clients via Hyper-Text Transport Protocol (HTTP).

h.   A "wireless telephone" (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

i.   "Mobile computing devices," are handheld electronic devices used for storing

5

data (such as names, addresses, music, photographs, appointments or notes) and utilizing computer programs. Some mobile computers also function as wireless communication devices and are used to access the Internet and send and receive e-mail. Mobile computers often include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Many users of these devices also use cloud storage applications to store data such as images and videos in order to back up data, duplicate data in order to access data from other devices, or to free up space on their device. Most mobile computers run computer software, giving them many of the same capabilities as personal computers. For example, mobile computers users can work with word-processing documents, spreadsheets, presentations, and internet browsing and chat applications. Mobile computers may also include global positioning system ("GPS") technology for determining the location of the device. Mobile computing devices include, but are not limited to, laptops, tablets and smartphones. This type of Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and a mobile computer. As the amount of data that people store on their mobile devices has increased, smartphones and other mobile computing devices are also commonly synched with, or connected to, a desktop or laptop computer for backup data storage. This allows users to access selected data, such as photos, emails, contacts and documents, across multiple devices, or to recover this data if

6

their mobile device is broken or lost.

j.  A "digital camera" is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images.  This storage media can contain any digital data, including data unrelated to photographs or videos.

k.  A "portable media player" (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files.  However, a portable media player can also store other digital data.  Some portable media players can use removable storage media.  Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can also store any digital data.  Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

## COMPUTERS AND CHILD PORNOGRAPHY

7.  Based upon my knowledge, training, and experience in child exploitation and child pornography investigations, and the experience and training of other law enforcement officers with whom I have had discussions, I know that computers and computer technology have revolutionized the way in which child pornography is produced,

distributed and utilized.  More recently, through the use of computers and the Internet, distributors of child pornography can use membership-based/subscription-based websites to conduct business, allowing them to remain relatively anonymous.

8.    Computers serve four basic functions in connection with child pornography: production, communication, distribution, and storage.   More specifically, the development of computers has changed the methods used by those who seek to obtain access to child pornography in these ways:

a.    The Internet allows any computer to connect to another computer.  By connecting to a host computer, electronic contact can be made to literally millions of computers around the world.  A host computer is one that is attached to a network and serves many users.  Host computers are sometimes operated by commercial ISPs, such as Charter Spectrum (formerly Time Warner), which allow subscribers to connect to a network which is, in turn, connected to the host systems.  Host computers, including ISPs, allow e-mail service between subscribers and sometimes between their own subscribers and those of other networks.  In addition, these service providers act as a gateway for their subscribers to the Internet or the World Wide Web.

b.    The Internet allows users, while still maintaining anonymity, to easily locate (i) other individuals with similar interests in child pornography; and (ii) websites that offer images of child pornography.  Those who seek to obtain images or videos of child pornography can use standard Internet connections, such as those provided by businesses, universities, and government agencies, to communicate with each other and to distribute child pornography.  These communication links allow contacts

around the world as easily as calling next door. Additionally, these communications can be quick, relatively secure, and as anonymous as desired. All of these advantages, which promote anonymity for both the distributor and recipient, are well known and are the foundation of transactions involving those who wish to gain access to child pornography over the Internet. Sometimes the only way to identify both parties and verify the transportation of child pornography over the Internet is to examine the recipient's computer, including the Internet history and cache to look for "footprints" of the websites and images accessed by the recipient.

c.   The computer's capability to store images in digital form makes it an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as a "hard drive") used in home computers has grown tremendously within the last several years. These drives can store thousands of movie and/or image files at very high resolution.

## BACKGROUND OF THE INVESTIGATION

9.   This investigation was predicated upon an investigative referral from Drobox Incorporated to NCMEC on 07/25/2019, in reference to child pornography (possession, manufacture, and distribution). Dropbox Incorporated, commonly called Dropbox, is a file hosting service operated by the American company Dropbox Incorporated, headquartered in San Francisco, California, that offers cloud storage, file synchronization, personal cloud, and client software. It uses a smartphone's data plan or Wi-Fi to transmit and receive messages, photos, videos, sketches, mobile webpages, and

other content. Dropbox may also be accessed via laptop and desktop computers by downloading emulator software applications to these devices, such as Android.

10. ICAC opened an investigation based on the Dropbox tip given to NCMEC. Through court orders, ICAC Investigators learned that approximately 75 videos of child pornography were uploaded to Dropbox Account User ID: 724923037 (the "Subject's Account"). Dropbox indicated that such account was associated to email address jandrews44203@gmail.com. Additionally, Dropbox identified multiple IP addresses that were used to utilize the Subject's Account. The Subject's Account was created on 12/21/2018 at 23:05 UTC, and utilized IP Address 2607:fcc8:9004:f200:a811:7fbe:1617:ae84.

11. On 09/05/2019, ICAC Investigator Crano requested a subpoena through the Cuyahoga County Prosecutor's Office, State of Ohio, for one of the IP Address identified by Dropbox as having utilized the Subject's Account. The IP Address was 2607:fcc8:900d:f800:a1bd:ebf2:92d3:2b8c on 05/25/2019 at 18:28 UTC. The subpoena was sent to Charter Communications requesting for Subscriber name, address, identity information, email addresses, profile URL's, user names, account or log-in names, or any other information pertaining to the identity of the Subscriber. Additionally, the subpoena requested IP address logs, connectivity data, login history, Subscriber's friend ID, unique URL, Subscriber's billing information, credit cards, bank account numbers associated with the account profile, types of services subscribed to or utilized by the Subscriber and the lengths of such services, and any and all information pertaining to the Subscriber's internet service, to include modem information and MAC addresses.

12.  On 10/11/2019, Charter Communications responded to the subpoena for IP: 2607:fcc8:900d:f800:a1bd:ebf2:92d3:2b8c, with the following information:

| | |
|---|---|
| a. | Subscriber Name: JENNIE MCKOWN |
| b. | Subscriber Address: 2242 McCoy Road, Norton, Ohio, 44203 |
| c. | Service Type – RR HSD: Activate Date: 12/18/2016 – Still Active |
| d. | Username or features: jenlovesall@neo.rr.com |
| e. | Phone number: 330-983-4482 |
| f. | Account Number: 34096402 |
| g. | MAC: a004609bc2f0 |
| h. | Other info: Original Lease Start: 11/14/2018 6:14:46 AM |
| i. | Other info: Lease End: 07/31/2019 2:19:32 PM |

13.  On 11/01/2019, NPD Detective Connell received the Dropbox tip from ICAC due to IP address IP: 2607:fcc8:900d:f800:a1bd:ebf2:92d3:2b8c, location resolving to NPD's area of responsibility.

14.  NPD Detective Connell received from ICAC approximately 75 videos labeled "child pornography" that were uploaded to the Subject's Account on approximately 05/25/2019 utilizing IP address: 2607:fcc8:900d:f800:a1bd:ebf2:92d3:2b8c on 05/25/2019 at 18:28:02 UTC. NPD Detective Connell reviewed the following videos:

a.   Video 1_4938509527591944246.mp4 – a prepubescent female, age 5-7, is performing oral sex on a white male.

      b.      Video 1_5156976152954273916.mp4 – a prepubescent female, age 7-9, is performing oral sex on a male. Additionally, the female is being vaginally penetrated both digitally and by a foreign object.

      c.      Video 1_5157128804681908343.mp4 a prepubescent female, age 5-7 is being vaginally penetrated by a male penis.

15.      On 11/04/2019, NPD Detective Connell sent a subpoena through the Barberton Municipal Court, State of Ohio, to Google L.L.C. for jandrews44203@gmail.com. NPD Detective Connell requested Subscriber information, phone numbers, mailing address, and the most recent connection IP address.

16.      On 11/15/2019, Google L.L.C responded to the subpoena for email account jandrews44203@gmail.com, with the following information:

| | |
|---|---|
| a. | Name: JACK ANDREWS |
| b. | Email: jandrews44203@gmail.com |
| c. | Created on: 12/21/2017 at 23:05:29 UTC |
| d. | Terms of service IP: 2607:fcc8:9004:f200:a811:7fbe:1617:ae84 |
| e. | Google Account ID: 126074827931 |
| f. | Last Login: 09/05/2019 at 04:34:21 UTC |

17.      On 11/12/2019, NPD Detective Connell sent a subpoena through the Barberton Municipal Court, State of Ohio, to Verizon Wireless for an IP address identified as having utilized the Subject's Account. The subpoena requested any and all information relating to Subscriber information for IP Addresses:

2600:1009:B067:82CF:5825:F316:CD48:1EF6, on 07/17/2019 at 19:58:17 GMT.

Verizon Wireless responded to the subpoena with the following information:

| | | |
|---|---|---|
| a. | Customer Name: WILLIAM MCKOWN | |
| b. | Customer Address: 576 Brown Street, Suite 1, Akron, Ohio, 44311 | |
| c. | Cellular telephone number: 330-907-4220 | |

18.  Public records indicate that WILLIAM MCKOWN is the biological father of SAMUEL
     GENE MCKOWN.

19.  On 11/12/2019, NPD Detective Connell sent a search warrant through the Barberton
     Municipal Court, State of Ohio, to Dropbox Incorporated for a search of all photos,
     videos uploaded, sent, stored, upload dates, times, and IP addresses belonging to the
     Subject's Account.

20.  On 11/15/2019, legalcompliance@Dropbox.com responded to NPD Detective Connell's
     search warrant. legalcompliance@Dropbox.com provided a file that contained
     approximately 9.58 gigabytes of material for the Subject's Account. The following
     information was contained in the file provided by legalcompliance@Dropbox.com

| | | |
|---|---|---|
| a. | Name: JACK ANDREWS | |
| b. | EMAIL: jandrews44203@gmail.com | |
| c. | User ID: 724923037 | |
| d. | File Name: Private – contained 436 images & 50 videos | |
| e. | File Name: Videos CP – Contained 545 videos | |
| f. | File Name: nrw – contained 2 videos | |

21.    On 11/26/2019, NPD Detective Connell sent subpoenas through the Barberton Municipal

Court, State of Ohio, to Charter Communications, Inc. for Subscriber information for the

following IP Addresses identified by Dropbox and used to utilize the Subject's Account.

   a.    2607:FCC8:9004:F200:A811:7FBE:1617:AE84, on 12/21/2017 at 23:05:29 UTC.

   b.    2607:FCC8:900D:F800:C63:EA70:3E09:26AF, on 02/23/2019 at 06:36:36 GMT

   c.    2607:FCC8:900D:F800:CED:8312:DC30:2F1F, on 04/05/2019 at 20:42:42 GMT

22.    On 11/27/2019, Charter Communications responded to the subpoena for all the three

identified IP Addresses with the following information:

| | |
|---|---|
| a. | Subscriber Name: JENNIE MCKOWN |
| b. | Subscriber Address: 2242 McCoy Road, Norton, Ohio, 44203 |
| c. | Service Date-RR HSD: Activate Date: 12/18/2016 – Still Active |
| d. | Username or Features: jenlovesall@neo.rr.com |
| e. | Phone number: 330-983-4482 |
| f. | Account number: 34096402 |
| g. | MAC: a004609bc2f0 |

23.    NPD Detective Connell reviewed the following videos obtained by the Dropbox search

warrant return. The below is the summary of the videos reviewed by NPD Detective

Connell:

   a.    Video 1_954478446275198977.mp4 a prepubescent female, age 4-6 penetrates
         her vagina with her own digits. A male penis then attempts to penetrate the
         prepubescent female's vagina where she states, "it is not going in."
   b.    Video 1_4907153466012467241.mp4 a prepubescent female, age 5-7 performs
         oral sex on a male penis.
   c.    Video 1_4911454931593986194.mp4 a prepubescent female, age 5-7 is vaginally
         penetrated by a male penis.

d.   Video 1_4956319399758790856.mp4 a prepubescent female, age 5-7 is anally penetrated by a male penis.

e.   Video 1_361628012870896210.mp4 an infant female, 2-3 is penetrated by a male penis.

f.   Video 1_361628012870896213.mp4 an infant female, 2-3 is penetrated by a male penis.

24.   On 12/02/2019, FBI Special Agent (SA) Wayne Eggleston met with NPD Detective Connell. During this meeting it was determined that the NPD investigation surrounding the Subject's Account would move forward as a joint investigation with the FBI.

25.   On 12/05/2019, NPD Detective Connell provided a file containing the NPD subpoenas and search warrant for the Subject's Account.

26.   Between 12/05/2019 and 12/08/2019, FBI Special Agent Eggleston reviewed an external hard drive of the search warrant returns for the Subject's Account, which were provided by NPD Detective Connell. FBI SA Eggleston reviewed all of the videos and images contained on the external hard drive. Each of them depicted a child in a state of nudity and/or engaging in sexual activity and/or masturbation. Most of the videos depicted female children. Several videos depicted prepubescent children, with some videos depicting toddler aged female children. A small sampling of the videos is as follows:

a.   **1_284948737669728115** – A video that is approximately 55 seconds (0:55) in length. The video depicts a prepubescent female child (approximately 4-5 years of age) laying on a bed fully nude on her back.

b.   **1_361628012870896172** – A video that is approximately 1 minute and 10 seconds (1:10) in length. The video depicts a prepubescent female child (approximately 8-9 years of age) laying on her hands and knees. The child is nude from the waist down. An adult male is straddling over the child, and has sexual intercourse with the child.

c. **1_499977344790823168** – A video that is approximately 12 second (0:12) in length. The video depicts a prepubescent female child (approximately 12-13 years of age) laying on her back. The child is nude from the waist down, and her vagina a buttocks is visible. An adult male is straddling over the child, and has sexual intercourse with the child.

d. **1_848809657949487275** – A video that is approximately 3 minutes and 53 seconds (3:53) in length. The video depicts a prepubescent female child (approximately 12-13 years of age) fully clothed. The child then removes her clothing and is observed fully nude. The child lays on her back fully nude on a couch and masturbates.

e. **1_490240906045371190** – A video that is approximately 1 minute and 16 seconds (1:16) in length. The video depicts a prepubescent female child (approximately 12-13 years of age) on her hands and knees. The child is nude from the waist down, and her vagina and buttocks is visible. An adult male is straddling over the child, and has sexual intercourse with the child.

f. **1_490466501350077204** – A video that is approximately 53 minutes (53:00) in length. The video depicts a prepubescent female child (approximately 10-11 years in age) performing oral sex on a dildo. The video then switches to the child performing oral sex on an adult male. The video then switches to an adult male straddling over the child, and has sexual intercourse with the child. The video then switches to the male digitally penetrating the child with his fingers.

27.     Open Source checks revealed SAMUEL GENE MCKOWN, with a birth year of 1998,

home address 2242 McCoy Road, Norton, Ohio, 44203, and a cellular telephone number

of 330-907-4220.

28.     On 12/08/2019, at approximately 4:00 PM, EST, FBI SA Eggleston drove by 2242

McCoy Road, Norton, Ohio, 44203 and observed a 2015 Black Honda Pilot SUV parked

in the driveway. The vehicle bore Ohio license plate HXJ6815. FBI SA Eggleston later

confirmed through Ohio BMV records that this vehicle is actively registered to JENNIE

CADWELL, with a birth year 1967 and a social security number ending in 6613. FBI SA

Eggleston also observed a 2009 Black Ford F-150 Truck parked in the driveway. The

vehicle bore Ohio license plate HCZ2904. FBI SA Eggleston later confirmed through

Ohio BMV records that this vehicle is actively registered to JAMES MICHAEL

CADWELL, with a birth year of 1962 and a social security number ending in 1757.

29.     On 12/09/2019, I confirmed through Ohio Bureau of Motor Vehicle (BMV) records that

SAMUEL GENE MCKOWN resided at 2242 McCoy Road, Norton, Ohio, 44203.

30.     On 12/09/2019, I confirmed through BMV that a 2013 black Chevrolet Tahoe SUV

bearing Ohio license plate HTT3840 was registered to SAMUEL GENE MCKOWN,

with a birth year of 1998.

31.     On 12/09/2019, I confirmed through the University of Akron Police Department (UAD)

Detective Jason Hill that SAMUEL GENE MCKOWN had been enrolled as a student at

the Akron University since approximately 2016. University of Akron records indicate

that SAMUEL GENE MCKOWN resided at 2242 McCoy Road, Norton, Ohio, 44203

with a cellular telephone number of 330-907-4220.

32.     Additionally, UAD Detective Hill informed that JACK HENRY ANDREWS, with a birth year of 1998 and a social security number ending in 4017, was a student at the University of Akron in the Fall of 2017 through Spring of 2018.

33.     On 12/09/2019, at approximately 3:20 PM, EST, NPD Detective Connell drove by 2242 McCoy Road, Norton, Ohio, 44203 and observed SAMUEL GENE MCKOWN parking a 2013 Black Chevrolet Tahoe SUV in the driveway.  FBI SA Eggleston later confirmed through Ohio BMV records that this vehicle is actively registered to SAMUEL GENE MCKOWN.

34.     On 12/10/2019, I also queried the Norton Police Department in Norton, Ohio, for any records of contact for SAMUEL GENE MCKOWN, JENNIE MCKOWN aka JENNIE CADWELL, and JAMES MICHAEL CADWELL at 2242 McCoy Road, Norton, Ohio, 44203.  I was advised that JENNIE MCKOWN aka JENNIE CADWELL contacted Norton Police Department on 08/23/2014 for abdominal pain. Additionally JENNIE MCKOWN aka JENNIE CADWELL made contact with Norton Police Department on 11/06/2015 for reported damage to her rental house located at 2248 McCoy Road, Norton, Ohio, 44203. There was an additional Norton Police Department incident concerning SAMUEL GENE MCKOWN on 05/28/2016. During the incident SAMUEL GENE MCKOWN provided Norton Police Department with his cellular telephone number 330-907-4220. Additionally, SAMUEL GENE MCKOWN advised that his mother JENNIE MCKOWN aka JENNIE CADWELL's cellular telephone number was 330-907-3786.

**FORENSIC EVIDENCE**

35.   Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

36.   As a result, I hereby request the Court's permission to seize the mobile computing devices and computers (and associated peripherals) that are believed to contain some or all of the evidence described in the warrant, and to conduct an off-site search of such hardware for the evidence fruits and instrumentalities of violations of the Specified Federal Offenses.

37.   As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be on the Device because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.   Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.       A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.       The process of identifying the exact electronically stored information on storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the Device and the application of knowledge about how the Device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e.       Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

    f.       Often times users of a mobile computing device back up their device on a computer or use cloud storage applications to store data such as images and videos in order to back up data, duplicate data in order to access data from other devices, or to free up space on their device. Some examples of cloud storage applications are: Drop box, OneDrive, and iCloud. Examination of the device may show evidence of cloud storage applications and accounts.

38.    Based on the foregoing, and consistent with Rule 4l(e)(2)(B), the warrant I am applying for would permit the examination of seized computers and devices

consistent with the warrant. The examination may require authorities to employ

techniques, including but not limited to computer-assisted scans of the entire

medium, that might expose many parts of the device to human inspection in order to

determine whether it is evidence described by the warrant.

## **CONCLUSION**

Based on the above information, there is probable cause to believe that that the Specified

Federal Offenses have been violated. Accordingly, I respectfully request that this Court issues a

search warrant for the residence located at 2242 McCoy Road, Norton, Ohio, 44203, located in

the Northern District of Ohio (the "Subject Residence"); a black 2013 Chevrolet Tahoe SUV

bearing Ohio license plate HTT3840 (the "Subject Automobile"); and the person SAMUEL

GENE MCKOWN with a birth year of 1998 and a social security number ending in 7246, more

particularly described in Attachment A, authorizing the seizure of items described in Attachment

B, which constitute evidence, contraband, fruits, and other items related to violations of the

Specified Federal Offenses.

Wayne Eggleston
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me this 2d day of January 2020.

Kathleen B. Burke
United States Magistrate Judge